IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN C. RAYBURN,

    Plaintiff,

v.

SANTANDER CONSUMER USA INC., et al.,

    Defendants.

Civil Action 2:18-cv-1534

Judge Edmund A. Sargus Jr.
Magistrate Judge Kimberly A. Jolson

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated November 12, 2020, on the application of the Parties for approval of the Settlement as set forth in the Settlement Agreement and Release dated September 25, 2020 (the "Agreement").  On October 28, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiff John C. Rayburn (the "Class Representative"), individually and as class representative on behalf of the Class, and Defendant Santander Consumer USA Inc. ("SC") (collectively the "Parties").  This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Class Notice to members of the Class, and set a Final Approval Hearing to take place on April 5, 2021.  Subsequent to the Court's preliminary approval of the Class for settlement purposes, the Parties moved twice to modify the Class Definition and Class Notice procedures in the Agreement, which the Court granted on January 12, 2021 and March 29, 2021.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Orders.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On April 5, 2021, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representative for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Definitions.** This Judgment incorporates by reference the definitions in the Agreement, as modified by the Court, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as the

collective group of all persons making up the Settlement Class, defined as every Ohio resident who:

a. Purchased a motor vehicle;

b. As part of the purchase transaction, entered into a RISC where the RISC was assigned to SC;

c. Where, during the period from January 1, 2013 to October 28, 2020, SC repossessed the vehicle and sent, subsequent to the repossession, a "Notice of Our Plan to Sell Property" Letter;

d. Where the "Notice of Our Plan to Sell Property" Letter had a vehicle sale date that included the phrase "on or after;" and

e. Subsequent to receiving the "Notice of Our Plan to Sell Property" Letter, did not redeem or otherwise recover the vehicle from SC.

The Class expressly excludes any person who is eligible for a Deficiency Balance Waiver in connection with the State AG Actions, unless that individual is also a Cash Refund Eligible Settlement Class Member.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately represent and protect the interests of the Settlement Class Members because his interests are co-extensive with those of the Settlement Class Members, and he has retained experienced counsel to represent him and the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Plaintiff John C. Rayburn to serve as Class Representative and counsel of record representing the Class Representative in the Action as Class Counsel.

6. **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement, as modified by the Court, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of the Honorable Judge Morton Denlow through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed pursuant to Paragraph 23 of this Order. Nothing herein is intended to waive or prejudice the rights of the Class Members who have timely excluded themselves from the Class, as identified on **Exhibit 1** hereto.

8. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.37-1.39 and 1.50 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but limited to, the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

4

forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees.

9. **Permanent Injunction.**  The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The Releasors further are forever banned and enjoined from organizing the Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice.**  The form and means of disseminating the Class Notice, as provided for in the Order Preliminarily Approving Settlement and Providing for Notice and the Court's Orders of January 12, 2021 and March 29, 2021, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Plaintiff and Class Counsel have moved for an award of attorney's fees, costs, and expenses in the amount of $2,500,000. The Court has considered this application separately from this Judgment. The Court finds that an award of $2,500,000 in attorney's fees, costs, and expenses is fair and reasonable, and the Court approves of Class Counsel's attorney's fees, costs, and expenses in this amount.

12. **Class Representative Incentive Award.** The Court further finds that an incentive award for Class Representative John C. Rayburn in the amount of $10,000 is fair and reasonable, and the Court approves of the incentive award in this amount. The Court directs the Settlement Administrator to disburse this award to Mr. Rayburn as provided in the Settlement Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of SC. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. **Class Action Fairness Act (CAFA) Notice.** SC has provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715. SC's obligations under CAFA are satisfied.

19. **Class Notice List.** No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom Class Notice was sent.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

21. **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

**IT IS SO ORDERED.**


**4/13/2021**                                                          **s/Edmund A. Sargus, Jr.**
**DATED**                                                              **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**